UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID DWAIN DICKERSON,

                Plaintiff,

-against-

WENDY DICKERSON, ADMINISTRATRIX
OVER THE ESTATE OF ELMORE
WINIFRED DICKERSON,

                Defendant.

23-CV-10747 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction against his sister, Wendy Dickerson, in her capacity as administratrix of their father's estate. By order dated December 13, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from the complaint. Defendant, who is Plaintiff's sister, "exploited" their deceased father, Elmore Winifred Dickerson, "financially, mentally and emotionally" by not providing "the necessary care it took to keep him safe and alive." (ECF 1, at 5.)[1] According to Plaintiff, Defendant: (1) used their father's GI Bill to purchase a home in Middletown, New York, while their father continued to live in the projects in Bronx, New York;.(2) moved their father into the house "that rightfully was his" only after she found out that Plaintiff was having her investigated for elder abuse and financial fraud related to their father's accounts (*id.*); (3) failed to properly take care of their father, resulting in his suffering from various medical issues such as "thrush of the tongue," inability to eat, and "black gangrene of the toe" (*id.*); (4) barred Plaintiff from seeing his father after he begged not to have his father's leg amputated during diabetes related surgery; and (5) took insurance money from his father's estate after his death.

---

[1] Plaintiff writes using irregular capitalization. For readability, where appropriate, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

Plaintiff brings this action asserting his belief that Defendant was responsible for the "loss of his father" and other harms arising out of her role as executrix of their mother's estate.[2] (*Id*. at 6.) He seeks money damages.

## DISCUSSION

### A.     Subject matter jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

#### 1.     Federal question jurisdiction

To support federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under

---

[2] Plaintiff previously filed a similar action against his sister in her capacity as executrix of their mother's estate. On January 12, 2024, the Court dismissed that action for lack of subject matter jurisdiction. *Dickerson v. Dickerson*, ECF 1:23-CV-9938, 5 (S.D.N.Y. Jan. 12, 2024).

3

federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff invokes federal question jurisdiction, but the facts alleged do not demonstrate that his claims arise under federal law. Rather, he alleges that Defendant committed elder abuse and financial fraud with respect to his father, claims that may arise under New York law. The Court, however, cannot exercise federal question jurisdiction of these state law claims.

2. **Diversity of citizenship jurisdiction**

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in the complaint that both he and Defendant reside in New York, precluding complete diversity of citizenship.

Because Plaintiff does not allege facts suggesting that the Court has diversity or federal question jurisdiction of this matter, the Court dismisses the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d

4

635, 638 (2d Cir. 2005) (holding that the plaintiff bears the burden of establishing subject matter jurisdiction).

**B.      Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this case.

SO ORDERED.

Dated:   May 22, 2024
         New York, New York

                                           /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge